IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEWAYNE GRIFFIN,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 09-cv-1042-MJR |
| | ) |
| **LEE RYKER,** | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

This matter is before the Court on Petitioner's Notice of Appeal (Doc. 7). Petitioner is a state prisoner currently confined at Lawrence Correctional Center. This Court dismissed Petitioner's habeas corpus petition without prejudice. Petitioner cannot take an appeal from the dismissal of his habeas petition unless he obtains a Certificate of Appealability. *See* 28 U.S.C. § 2253(c)(1). The Court construes the Notice of Appeal as a request for a Certificate of Appealability. *See* Fed. R. App. Proc. 22(b)(1). For the reasons stated below, the request for a Certificate of Appealability is denied.

A Certificate of Appealability may only be issued where the Petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but Petitioner must show "something

more that the absence of frivolity" or the existence of mere "good faith" on his part. *Id*. At 338 (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).  If the district court denies the request, petitioner may request that a circuit judge issue the Certificate.  Fed. R. App. Proc. 22(b)(1)-(3).

On June 16, 2010, this Court dismissed Petitioner's habeas corpus petition without prejudice because it plainly appeared from the allegations of the petition that Petitioner was not entitled to habeas relief because he had not exhausted his available state remedies.  *See* Rule 4 of the Rules Governing § 2254 Proceedings in the United States District Courts.  The Court stated, however, that even if Petitioner had exhausted his state remedies, it would still dismiss the action because, among other things, the assertions in the habeas petition did not state a claim for habeas relief.

In his Notice of Appeal, construed as a request for a Certificate of Appealability, Petitioner has made no showing that the Court's decision was debatable or incorrect.  Furthermore, the Court has reviewed its Order dismissing Petitioner's habeas corpus petition and finds no basis for a determination that the decision was debatable or incorrect.  Therefore, Petitioner's request for a Certificate of Appealability (Doc. 7) is **DENIED**.

**IT IS SO ORDERED.**

**DATED this 6th day of July, 2010.**

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**